UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MARGERITA EWAN,

                         Petitioner,                      **MEMORANDUM AND ORDER**

       -against-                         Case No. 11-CV-06254 (FB)

UNITED STATES OF AMERICA

                         Respondent.
-----------------------------------------------------x

*Appearances:*
*For the petitioner:*
BEVERLY VAN NESS, ESQ.
15 Maiden Lane, Suite 1500
New York, NY 10038

*For the respondent*:
LORETTA LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY: SHANNON CASSANDRA JONES, ESQ.
    Assistant District Attorney
271 Cadman Plaza East
Brooklyn, NY 11201-1820

**BLOCK, Senior District Judge:**

           In October 2000, petitioner Margerita Ewan pleaded guilty to one count of bankruptcy fraud pursuant to 18 U.S.C. § 152(3).  She was sentenced to probation in March 2001, and the Court ordered her to pay $39,237.97 in restitution.  Seeking to vacate the conviction, Ewan has filed a petition for a writ of error coram nobis.  For the reasons that follow, the petition is denied with respect to the conviction but granted with respect to the order imposing restitution.

1

## I.

According to the Presentence Investigation Report ("PSR") used at sentencing, Ewan's conviction was related to an uncharged mortgage fraud – she had an acquaintance sign a residential mortgage as a straw buyer.  No payments were made on the mortgage, and the property went into foreclosure.  On January 13, 2000, a day before the scheduled foreclosure sale, a bankruptcy petition was filed in the straw buyer's name, staying the sale.  The bankruptcy action was dismissed when the petitioner failed to appear.  An investigation determined that the straw buyer's signature on the petition was forged and that Ewan had filed it without his consent.  Ewan was arrested and, on October 3, 2000, she pleaded guilty.  Although her conviction was solely for the bankruptcy fraud, the mortgage lender, Chase Manhattan Bank ("the Bank"), submitted an affidavit of loss in the amount of $39,237.97 for expenses related to the residential mortgage and foreclosure case.  The Court imposed restitution in that amount, along with a sentence of probation.

In an affidavit accompanying her coram nobis petition, Ewan asserts that she has resided in the United States since 1982 and became a lawful permanent resident in September 1998.  Her attorney in the criminal proceeding, Cyril Baines, was representing her in a civil matter and agreed to take on the additional representation at no charge. He assured her that her guilty plea would not affect her immigration status.

After the conviction, Ewan "took several trips outside the United States," and had no trouble with her immigration status.  Ewan Affidavit ¶ 5.  In October 2010, however, she was stopped when returning from abroad and placed in immigration

2

proceedings.   The Department of Homeland Security charged her with having been convicted of a crime of moral turpitude, which rendered her inadmissible.   *See* 8 U.S.C. § 1182 (a)(2)(A)(i)(I).  Moreover, the amount of restitution rendered the crime an aggravated felony, which precludes any possibility of a waiver.   *See* 8 U.S.C. § 1101(a)(43)(M)(i); 18 U.S.C. § 1182(h)(1)(B).

Ewan filed her coram nobis petition in December 2011.  She seeks to have her conviction vacated on the grounds that she received ineffective assistance of counsel because her attorney (1) misrepresented that the plea would have no immigration consequences, and (2) failed to object to the Court's unlawful restitution award.  The government concedes that the amount of restitution imposed was improper.  It argues, however, that the Court should vacate only the restitution portion of the judgement.

## II.

### A.  The standard for coram nobis relief

A petition for a writ of error coram nobis "is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus."  *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998).  The Court has authority to issue the writ pursuant to the All Writs Act, 28 U.S.C. § 1651(a), but may do so "only where extraordinary circumstances are present."  *See Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992).  The petitioner must demonstrate that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek

appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996) (internal quotation marks, citations, and alterations omitted).

It is undisputed that Ewan continues to suffer legal consequences from her conviction in the form of immigration proceedings. Moreover, sound reasons exist for her failure to seek relief sooner. Ewan first learned that immigration proceedings would be brought against her in October 2010, and the government only amended its charge to assert that the conviction was an aggravated felony in July 2011. At that point, on the advice of her immigration attorney, she consulted a criminal lawyer who commenced an investigation. In light of these facts, her December 2011 coram nobis petition was timely filed. The Court will therefore focus its analysis on the remaining requirement, whether there are circumstance compelling issuance of the writ.

Ineffective assistance of counsel may be so fundamental an error as to justify a writ of error coram nobis. *See Matos v. United States*, No. 99 Cr. 137, 2012 WL 569360 at *2 (S.D.N.Y. Feb. 16, 2012). To establish that she received ineffective assistance of counsel, Ewan must demonstrate: (1) that her attorney's performance fell below "an objective standard of reasonableness," and (2) that she was prejudiced by this failure. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Prejudice, in the context of a guilty plea, requires "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

4

## B.  The guilty plea

Ewan contends that her guilty plea should be vacated because defense counsel, Baines, assured her that it would "not affect [her] immigration status at all" and that "he knew for a fact that [she] would not be deported."  Ewan Affidavit ¶ 5.  Assuming, arguendo, that Baines did in fact make these misrepresentations and that they fell beneath an objective standard of reasonable representation, *see United States v. Couto,* 311 F.3d 179, 187-88 (2d Cir. 2002) ("an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable"), abrogated on other grounds by *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) (holding that even counsel's silence on collateral immigration consequences may result in ineffective assistance), Ewan has nevertheless failed to satisfy the second prong of the *Strickland* test.

Although Ewan asserts that she would not have pleaded guilty had she known it would impact her right to stay in the United States, Ewan Affidavit ¶¶  11, 13, there is ample evidence that she was in fact informed of the risk.  The plea agreement lists deportation as a penalty and, during the plea allocution, Ewan assured the magistrate judge that she had read the plea agreement before signing it.  Moreover, the magistrate informed her that "your conviction upon your plea of guilty could be grounds for your deportation from the United States."  Plea Tr. at E-69.  This was an accurate statement of the conviction's effect on Ewan's immigration status; in the absence of a restitution award over $10,000, the crime was not an aggravated felony, and thus it could be – but was not necessarily – grounds for deportation.  Ewan said she understood.  Plea Tr. at E-69.  Since

5

she was informed of potential immigration consequences by both the government and the court, Ewan cannot now claim that she was unaware that her conviction could result in deportation.  She was not prejudiced by counsel's poor advice and it is not grounds for vacutur of her plea.

## C.  The restitution award

As the government concedes, Ewan's counsel was ineffective for failing to object to the restitution award, which was improperly calculated. This award resulted in Ewan's crime being categorized as an aggravated felony for immigration purposes.

Federal courts have no inherent authority to order restitution, only authority conferred by statute.  *See United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006).  Ewan's restitution was ordered under the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, which applies to "an offense against property under this title . . . including any offense committed by fraud or deceit," 18 U.S.C. § 3663A(c)(1)(A)(ii), "in which an identifiable victim or victims has suffered a . . . pecuniary loss," *id.* § 3663A(c)(1)(B). Restitution is only authorized, however, "for losses . . . directly caused by the conduct composing the offense of conviction . . . and only for the victim's actual loss." *United States v. Marino*, 654 F.3d 310, 319-20 (2d Cir. 2011) (internal citations, quotation marks and alterations omitted).  Recovery is limited to (1) loss to victims directly harmed by the offense of conviction (including, where a scheme, conspiracy or pattern of criminal activity is an element of the offence, those harmed in the course of that scheme, conspiracy, or pattern), and (2) amounts expressly agreed to in the plea agreement.  *See* 18  U.S.C. §

6

3663A(a)(2), (3). "The Government bears the burden of proving a victim's actual loss by a preponderance of the evidence." *United States v. Zangari*, 677 F.3d 86, 92 (2d Cir. 2012).

Ewan did not agree to a particular amount of restitution in the plea agreement, so the amount should have been limited to harm caused by the crime of conviction. That offense – knowingly and fraudulently making a false declaration on a bankruptcy petition in violation of 18 U.S.C. § 152(3) – has no elements relating to a scheme, conspiracy or pattern. *See United States v. Lawrence*, 189 F.3d 838, 347 (9th Cir. 1999). Recovery for losses caused by related, uncharged conduct was therefore unauthorized, even if the conduct was arguably part of a single criminal scheme.

Although the restitution order was entirely based on the Bank's losses due to the fraudulent mortgage, not the bankruptcy fraud, defense counsel failed to raise any objection. This failure fell below a reasonable standard of representation and prejudiced Ewan. *See U.S. v. Yauri,* 559 F.3d 130, 132 (2d Cir. 2009) (defense counsel's failure to call the sentencing court's attention to an applicable sentencing reduction constituted ineffective assistance of counsel). The restitution order is therefore vacated, and the question becomes how much, if any, restitution to reinstate.

The government contends that the mortgage lender suffered direct loss as a result of the bankruptcy fraud when the scheduled foreclosure sale was stayed from January 13, 2000, to March 30, 2000. It calculates that, since the monthly mortgage payment was $1,194.98, including interest and principal, the Bank lost two monthly payments and was damaged roughly in the amount of $2,275, which, coincidentally, is the amount of

restitution that Ewan has already paid.  Ewan maintains that the bank did not suffer any loss due to the bankruptcy filing.

While the government is correct that the Bank, as a creditor, may be a victim of Ewan's bankruptcy fraud, the record before the Court does not document how much, if at all, the bank actually lost due to the delayed sale.  The Bank may have recouped the additional missed monthly payments in the ultimate foreclosure sale, so simply stating the amount of the missed payments is insufficient.  Because the government has not proved loss, no new restitution award is imposed.

### III.

Ewan's petition is therefore denied with respect to vacutur of her conviction and granted with respect to vacutur of the restitution award.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 23, 2012

8